**Charlotte and Thomas P. HOOSIC,**
**Plaintiffs–Appellants,**

v.

**Mary D. FEDDERS,**
**Defendant–Appellee.**

**No. 89–3647.**

United States Court of Appeals,
Sixth Circuit.

Argued July 31, 1990.

Decided Oct. 10, 1990.

John J. Horrigan, Connie M. Wymer, Brian P. Downey (argued), Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for plaintiffs-appellants.

Robert B. Daane (argued), Vogelgesang, Howes, Lindamood & Brunn, Canton, Ohio, for defendant-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and JORDAN, District Judge.[*]

KRUPANSKY, Circuit Judge.

Plaintiffs-appellants, Charlotte and Thomas P. Hoosic (appellants), appealed the denial of their post-verdict motion for a new trial in this diversity tort action arising out of an automobile accident. In their complaint, appellants alleged that defendant-appellee, Mary D. Fedders (appellee), negligently operated her vehicle, causing appellant Charlotte Hoosic to lose control of her automobile and collide with a tree, thereby sustaining serious injuries. Thomas Hoosic, appellant's husband, joined as a party-plaintiff, alleging loss of consortium as a result of his spouse's injuries. Appellee defended the action on the basis of contributory negligence.

The case was submitted to a jury with special interrogatories on April 18, 1989. On April 19, 1989, the jury advised the district judge in writing that it was unable to arrive at unanimous responses to each of the interrogatories. In an effort to resolve the impasse, the court delivered a supple-

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

mental charge modelled on the traditional *Allen* instruction. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).[1]

Subsequent to further deliberations, the jury returned a verdict in favor of the appellee. Appellants thereupon moved for a new trial, arguing that the *Allen* charge did not conform with the Ohio Supreme Court's decision in *State v. Howard,* 42 Oh.St.3d 18, 537 N.E.2d 188 (1989). In *Howard,* the Ohio court adopted a modified version of the traditional *Allen* charge for use in criminal cases, which version ostensibly was more "balanced" in addressing jurors who belong to the "minority" view within a deadlocked panel. The trial judge rejected this argument, concluding that as a federal district court sitting in diversity, it was compelled to apply the *substantive* law of Ohio in accordance with the Federal Rules of Civil Procedure, and was therefore not required to follow the Ohio Supreme Court's procedural pronouncements in *Howard.* The district court further determined that its supplemental *Allen* charge conformed with federal law.

Appellants argued in this appeal that the district court erred with respect to each of these decisions. This court finds the assignments of error to be without merit. A supplemental *Allen* jury instruction is purely procedural, and consequently the district court was not compelled under the doctrine of *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to conform its *Allen* charge to the version prescribed by the Ohio Supreme Court in *Howard.* The law of Ohio governed this litigation only with respect to the substantive content of the jury instructions, *viz.,* the Ohio law of negligence and contributory negligence. *See In re Air Crash Disaster Near Chicago, Ill.,* 701 F.2d 1189, 1199 (7th Cir.), *cert. denied sub nom.*

*Haider v. McDonnell Douglas Corp.,* 464 U.S. 866, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983) ("in diversity cases state law determines the content of jury instructions and federal law governs only the manner in which instructions are requested and given"); 5A Moore's Federal Practice ¶ 51.02–1 (1990) (in diversity actions "federal law and the Federal Rules of Civil Procedure control the manner and method of instructing the jury in the federal courts").

The Sixth Circuit has consistently announced that the traditional *Allen* charge is a permissible method of instructing jurors to reconsider their respective positions in an effort to arrive at a verdict without abandoning their conscientious convictions with respect to the proper outcome of a case. The district court in the case at bar "hewed closely" to the format of the original *Allen* charge and, thus, the charge was not coercive.[2] *See Williams v. Parke,* 741 F.2d 847, 850 (6th Cir.1984), *cert. denied,* 470 U.S. 1029, 105 S.Ct. 1399, 84 L.Ed.2d 787 (1985); *United States v. Scott,* 547 F.2d 334, 336–37 (6th Cir.1977). It is, of course, significant to note that the Supreme Court has not overruled *Allen,* nor has it called into question the propriety of that decision.

Accordingly, the judgment of the district court denying appellants' motion for a new trial is hereby AFFIRMED.

---

**1.** The *Allen* charge was modified in the case at bar so as to reflect the fact that this was a civil case, implicating a preponderance of the evidence standard of proof.

**2.** "In determining whether or not an instruction is 'coercive,' a reviewing court must consider the totality of the circumstances surrounding the instruction and evaluate it in context." *United States v. Markey,* 693 F.2d 594, 597 (6th Cir.1982).